**UNITED STATES of America,**
**Appellee,**

v.

**Roberto GUIDOS–CASTILLO,**
**also known as Alexis Baez,**
**Defendant–Appellant.**

**No. 07–1850–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 10, 2008.

---

Irving Cohen, (Jonathan I. Edelstein, on the brief), New York, NY, for Appellant.

James P. Loonam, Assistant United States Attorney, (Susan Corkery, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Central Islip, NY, for Appellee.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Roberto Guidos–Castillo appeals from an amended judgment entered May 29, 2007, in the United States District Court for the Eastern District of New York (Sifton, J.), convicting him, following a guilty plea, of illegal reentry in violation of 8 U.S.C. § 1326. Judge Sifton departed downward one month from the applicable Guidelines range and sentenced Guidos–Castillo to a term of 45 months' imprisonment. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

On appeal, Guidos–Castillo argues that his sentence was substantively unreasonable. The standard for reasonableness review is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). We have said that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.* Here, Judge Sifton sentenced Guidos–Castillo to a prison term below the Guidelines range. We have considered his arguments and conclude that his sentence was not unrea-

sonable. We further reject Guidos–Castillo's invitation to reconsider our decision in *United States v. Mejia*, 461 F.3d 158 (2d Cir.2006).

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.